MILLAUDON ET AL. *vs.* PERCY ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where certain moneys, arising on the balance of a judgment, are ordered to be paid into court, and before it is deposited, execution issues for the whole amount of the judgment, an injunction will be sustained for so much of said moneys as are shown to have been paid, and for such further sum as the defendants in the judgment will be entitled to receive in their own right, and dissolved for the remainder.

This is an injunction suit. The case grows out of the manner of executing a judgment, which Percy and others, stockholders of the Planters' Bank of New-Orleans, obtained against the present plaintiffs in injunction, as former directors of said bank. This judgment decrees a certain amount of money to be paid over to Percy, &c., and the balance to be paid into court, to be divided among the stockholders of the bank. A tableau of the respective claims of the stockholders was made out, on which the present plaintiffs in injunction were placed, as claimants and stockholders.

When the judgment was first rendered in the case of Percy and others *vs.* Millaudon and others, the parties entered into the following agreement:

"It is agreed, that as regards the sums to be paid into court by the defendants, Millaudon and J. Abat, for distribution among the stockholders, after payment of the debts of the Planters' Bank, the amount *due to them* as creditors and as stockholders shall be deducted out of it, and the balance shall be paid over to me, (A. Hennen,) as attorney for the other creditors, so soon as a statement and tableau of division can be made out; but in the mean time, no part thereof is to be paid by said Millaudon and Abat; yet they shall pay the balance as above stated, as soon as demanded, as specified above, and in case they should delay or refuse to pay the

56

EASTERN DIST.
*May*, 1836.

MILLAUDON
ET AL.
*vs.*
PERCY ET AL.

same, they shall pay an interest on the same, at the rate of ten per cent.; and an agreement to this effect is to be signed.

"A. Hennen, *attorney for the plaintiffs.*

"L. Millaudon, *for himself and J. Abat.*"

Notwithstanding this agreement, execution was issued for the whole amount of the judgment, which Millaudon and Abat had enjoined, alleging and setting up large payments and the foregoing agreement as a defence.

The defendants in injunction admit the payments and credits claimed, but pray that the injunction be dissolved with ten per cent. interest and twenty per cent. damages, &c.

The district judge, on a rule taken, dissolved the injunction without giving any relief, and the plaintiffs therein appealed.

*Macready,* for the plaintiffs and appellants.

1. The judgment dissolving the injunction is erroneous, because it allows no credit for the sum due to the appellants, as stockholders of the Planters' Bank, and which was expressly stipulated in the agreement entered into by the parties to the first judgment.   By that agreement, the amount due to them was to be deducted from the balance of the judgment in the original suit, which was ordered to be paid into court.

2. The injunction should not have been set aside, except for the sum found due, after allowing the appellants the amount paid by them on the original judgment, and the sum also due to them as stockholders, &c.

*Hennen,* contra.

*Martin, J.,* delivered the opinion of the court.

This case commenced by injunction.   The plaintiffs in the injunction are now appellants from a judgment decreeing its dissolution, without extending the relief for which they asked and obtained it in the first instance.   The injunction was originally obtained on the 28th of August, 1832, to stay an execution which had issued on the judgment of this court,

pronounced in the case of *Percy et al.* vs. *Millaudon et al.*, *3 Louisiana Reports,* 568.

The injunction was granted on the sworn allegation, that the applicants had paid all the moneys which by the said judgment they were condemned to pay absolutely and unconditionally; that by an agreement entered into with the plaintiffs in that judgment, with regard to the sum which was to be brought into court for distribution among the creditors or stockholders of the bank, the defendants therein were allowed to retain such sum, as would appear to be due to them, as forming a part of the creditors and stockholders of the said Planters' Bank, and as soon as a division and tableau of distribution could be made, they should be required to pay the balance, and not before.

It appears, a tableau of distribution was accordingly made, by which the rights of these parties, who were the defendants in the original judgment, and now plaintiffs in injunction, were sought to be ascertained. To this tableau of distribution they filed their opposition. Their claims as creditors and stockholders were allowed; but their opposition to certain charges, and particularly to commissions and fees allowed to the attorneys of the opposite party, were overruled. From the judgment of the court, on the tableau, they obtained an appeal, which was dismissed on account of some irregularity at the June term of this court, 1834. 6 *Louisiana Reports,* 584.

On the decree of dismissal of the appeal reaching the District Court, the injunction was dissolved, as to the sum already paid by the present appellants.

They do not deny, that the sum they are entitled to retain under the agreement, as creditors and stockholders, is not correctly ascertained in the tableau approved by a judgment of the District Court, unappealed from and now unappealable; but they seek to be relieved from certain charges which that judgment allows.

As the judgment on the tableau is not now appealed from, the present appellants must be considered as included therein, and concluded by it.

*Where certain moneys arising on the balance of a judgment are ordered to be paid into court, and before it is deposited execution issues for the whole amount of the*

But the same judgment allows them the sum of five thousand one hundred and six dollars and sixty cents, with interest thereon to the time allowed by the original judgment of this court. The injunction ought, in our opinion, to have been made perpetual as to that sum.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that the injunction be made perpetual as to the sum of sixty-four thousand two hundred and fifteen dollars and fifty-four cents, already paid, and also for the further sum of five thousand one hundred and six dollars and sixty cents, allowed by the judgment of the District Court on the tableau, and dissolved as to the residue ; the appellees paying costs in both courts.